AGEE, Circuit Judge,
concurring:
I join in Judge Keenan’s fine opinion in its entirety. I write separately to briefly emphasize the “substantial burden” that a plaintiff bears in seeking to show a violation of 47 U.S.C. § 332(c)(7)(B)(i)(II) (the so-called “prohibition clause”), 360° Communications Co. of Charlottesville v. Bd. of Supervisors of Albemarle Cnty., 211 F.3d 79, 87-88 (4th Cir.2000) (Albemarle County), and address what I believe to be a flaw in the dissenting opinion.
As the majority opinion correctly states, our cases recognize that a plaintiff can show an effective prohibition in two circumstances: by showing that a locality has a general policy rejecting any siting of wireless facilities, AT & T Wireless PCS, Inc. v. City Council of City of Virginia Beach, 155 F.3d 423, 428 (4th Cir.1998), or by showing that the denial of an application for one particular site is “tantamount” to a general prohibition of services, Albemarle County, 211 F.3d at 87-88. Maj. Op. at 266. However, our precedents emphasize the difficulty that a plaintiff faces in seeking relief on an effective prohibition claim under the latter approach.
Two cases in particular illustrate this heavy burden. In Albemarle County, we rejected outright the possibility that, without more, “case-by-case denials of permits for particular sites” could be considered an effective prohibition. 211 F.3d at 86. In USCOC of Virginia RSA# 3, Inc. v. Montgomery County Board of Supervisors, 343 F.3d 262, 268 (4th Cir.2003), we allowed the possibility that a plaintiff could succeed on an effective prohibition claim based on the denial of a single application “if the [wireless] service could only be provided from a particular site,” but we expressly stated that such an approach was “theoretical” and “unlikely in the real world.” *
*273 The law of our Circuit is clear that an effective prohibition claim based on the denial of a single siting application is highly unlikely to succeed in light of the considerable deference that the statute affords to localities in the making of individual zoning decisions. The majority opinion does not alter that standard.
The dissenting opinion misreads our precedents to conflate “significant gap” with “effective absence of coverage” Dissenting Op. at 276. The Fourth Circuit has not adopted “a significant gap” as some sort of independent test under § 332(c)(7)(B)(i)(II). To the contrary, we expressly rejected that notion in Albemarle County. There, despite being urged to adopt an approach under which “the denial of a permit for a site that is ‘the least intrusive means to close a significant gap in service’ would amount to a denial of wireless services in violation of [the statute],” we concluded to the contrary, separately identifying the term “significant gap” as one we did not adopt. Id.
[Determinations about what constitutes the “least intrusive means” and “a significant gap” in services, would ... quickly devolve into the broader inquiry indicated by the language of the statute: “Does the denial of a permit for a particular site have the effect of prohibition wireless services.?” We believe that this statutory question requires no additional formulation and can best be answered through the case-by-case analysis that the Act anticipates.
Id. (emphasis added) (citation omitted). We then stated that even assuming a plaintiff could show the existence of poor service, it would still bear “the ‘heavy burden’ of demonstrating that denial of its application for one particular site is tantamount to a prohibition in service.”
Because I believe that the majority opinion applies the correct standard for an effective prohibition claim as articulated in Albemarle County, I am pleased to join it.

 T-Mobile conceded at oral argument that, under our existing precedent, it could not succeed on its effective prohibition claim. I see no reason to bend over backward to grant relief to a litigant that has acknowledged it is not entitled to it under circuit precedent.